UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO:

|  |  |
|---|---|
| THE CONTINENTAL CASUALTY COMPANY, as subrogee of RONALD SHOWALTER, MICHAEL GIOMBETTI, and W. F. KING<br>Plaintiff,<br><br>v.<br><br>WILLIAM C. HENCHY, NORTHSIDE MARINA AT SESUIT HARBOR, INC., JOSEPH S. BUSCONE, as Trustee of the Northside Marina Trust, and FAITH BUSCONE, as Trustee of the Northside Marina Trust<br>Defendants. | 04 C 11872<br><br>COMPLAINT AND DEMAND FOR TRIAL BY JURY<br><br>RECEIPT # 58270<br>AMOUNT $ 150.00<br>SUMMONS ISSUED 4<br>LOCAL RULE 4.1<br>WAIVER FORM<br>MCF ISSUED<br>BY DPTY. CLK. M.P.<br>DATE 8/27/04<br><br>MAGISTRATE JUDGE RBC |

## PARTIES

1.  The Plaintiff, The Continental Casualty Company, as subrogee of Ronald Showalter, Michael Giombetti, and W. F. King ("Continental"), is an insurance company duly authorized to provide insurance coverage in the Commonwealth of Massachusetts, with a principal place of business located at CNA Plaza, 333 S. Wabash Ave, Chicago, Cook County, Illinois.

2.  The defendant, William C. Henchy ("Henchy"), is an individual with a last known address of 165 Cranberry Highway, Orleans, Barnstable County, Massachusetts.

3.  The defendant, Northside Marina at Sesuit Harbor, Inc. ("Northside"), is a Massachusetts Corporation with a principal place of business located at 357 Sesuit Neck Road, East Dennis, Barnstable County, Massachusetts.

4.  The defendant, Joseph S. Buscone, as Trustee of the Northside Marina

Trust, upon information and belief, is an individual with a last and usual residence located at 34 Schooner Road, Dennis, Barnstable County, Massachusetts, and is the co-trustee if the Northside Marina Trust, which owns real property located at 357 Sesuit Neck Road, East Dennis, Barnstable County, Massachusetts.

5. The defendant, Faith Buscone, as Trustee of the Northside Marina Trust, upon information and belief, is an individual with a last and usual residence located at 34 Schooner Road, Dennis, Barnstable County, Massachusetts, and is the co-trustee if the Northside Marina Trust, which owns real property located at 357 Sesuit Neck Road, East Dennis, Barnstable County, Massachusetts.

## JURISDICTION

6. This Court has jurisdiction as an admiralty and maritime tort claim based upon 28 U.S.C. § 1333 and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

## FACTS COMMON TO ALL COUNTS

7. At all times material hereto, Continental underwrote a policies of insurance providing marine insurance for the following of its insureds and their vessels: (a) Ronald Showalter, Policy Number 1607003-01; (b) Michael Giombetti, Policy Number 1330617-01; and (c) W. F. King, Policy Number 1355900-00.

8. On or about August 30, 2001, Northside operated and controlled a marina under the business name "Northside Marina" located in East Dennis, Massachusetts, which was used for the purposes of storing and maintaining vessels.

9. On or about August 30, 2001, on information and belief, Joseph S. Buscone and Faith Buscone, as Co-Trustees of the Northside Marina Trust ("Trustees"),

were the owners of the real property upon which the Northside Marina was located and operated.

10. On or about August 30, 2001, Ronald Showalter, Michael Giombetti, and W. F. King ("Continental's Insureds") each had vessels berthed at the Northside Marina.

11. On August 30, 2001 at approximately 8:00 p.m. a fire occurred at the Northside Marina that lasted several hours and damaged several boats and dock walkways.

12. As a result of the fire, certain vessels insured through Continental on behalf of Continental's insureds were either destroyed or damaged.

13. As a result of such fire, and pursuant to the terms of its insurance contracts with its insureds, Continental made payment or will make payment to its insureds for their losses, as follows:

   (a) Ronald Showalter (claim # 0108244): CTL--$105,000; Salvage--$6,677.50; Disposal--$2,000; and Personal Property $950.

   (b) Michael Giombetti (claim # 0108243); CTL--$35,000; Salvage--$1,470.

   (c) W. F. King (claim # 0108246); Damages--$3,486.50.

   Total Amount: $154,584.

14. Continental is subrogated to the rights of its insured in at least the above total amount of $154,584 paid to its insureds as set forth above, pursuant to its rights of subrogation by contract and by operation of law.

15. The fire and all ensuing claims, damages and losses were not caused by the fault of Continental's Insureds or their respective vessels.

16. On information and belief, the Dennis Police Department or other law enforcement entities have conducted or continue to conduct an official investigation into the cause of the fire.

17. On information and belief, such investigation has revealed that the fire was intentionally started.

18. Further, on information and belief, such investigation has focused on Henchy as a suspect in the intentional starting of the fire.

19. On information and belief, Henchy either intentionally started the fire or through his acts and omissions was negligent or grossly negligent in connection with the fire.

20. On information and belief, at the time that the fire started, Northside did not have adequate personnel supervising the docks, slips, or boats of the marina, did not have adequate security systems in place, and did not have sufficient devices in place to prevent the spread of, the occurrence of, or to assist with the extinguishment of, the fire.

21. The foregoing negligence and failure to take adequate precautions allowed the fire to start and spread.

## COUNT I

(Negligence vs. Henchy)

22. Plaintiff repeats and realleges paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23. Henchy owed Continental's Insureds a duty, among other things, to take reasonable precautions so as to prevent damage to the property of Continental's Insureds.

24. Henchy breached this duty by conducting himself in such a way as to allow or cause the fire to start and spread.

4

25. As a foreseeable, direct and proximate result of Henchy's breach of his duty, Continental's insureds, and Continental, by virtue of its subrogated rights, have suffered and continue to suffer damages.

## COUNT II

(Conversion vs. Henchy)

26. Plaintiff repeats and realleges paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27. Continental's Insureds, at all relevant times, were either the owners of their respective vessels or entitled to immediate possession of them.

28. On information and belief, Henchy, having no right of ownership in or to possession of such Vessels, wrongfully and intentionally started a fire on or near them while it was docked at the Northside Marina on August 30, 2001.

29. The fire destroyed or damaged such vessels.

30. Henchy's intentional destruction or alteration of such Vessels constitutes a wrongful exercise of dominion and control by Henchy which seriously impaired the rights of Continental's Insureds to sole ownership and/or immediate possession of their vessels, and therefore constitutes conversion.

## COUNT III

(Negligence vs. Northside)

31. Plaintiff repeats and realleges paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32. Northside owed Continental's Insureds a duty, among other things, to take reasonable precautions so as to prevent damage to the property of Continental's Insureds.

33. In the course of owning, operating, and/or managing the Northside Marina, Northside breached this duty.

34. As a foreseeable, direct and proximate result of Northside's breach of duty, Continental's insureds, and Continental, by virtue of its subrogated rights, have suffered and continue to suffer damages.

## COUNT IV

(Breach of and/or Negligent Bailment vs. Northside)

35. Plaintiff repeats and realleges paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36. A bailment was created when Continental's Insureds delivered and entrusted their vessels to Northside and Northside accepted possession of the vessels.

37. In connection with the bailment, Northside owed Continental's Insureds a duty of due care to prevent the loss or destruction of their vessels.

38. Northside failed to perform or negligently performed its bailment obligations.

39. As a direct and proximate result of Northside's breach of bailment or negligent bailment, Continental's insureds, and Continental, by virtue of its subrogated rights, have suffered and continue to suffer damages.

## COUNT V

(Negligence vs. Joseph S. Buscone and Faith Buscone, as Co-Trustees of the Northside Marina Trust)

40. Plaintiff repeats and realleges paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41. Joseph S. Buscone and Faith Buscone, as Co-Trustees of the Northside Marina Trust, were obligated by contract, law, or otherwise, amount other things, to ensure that Northside was not using the Trust's property in a negligent or otherwise unlawful manner.

42. The Trustees owed Continental's Insureds a duty, among other things, to take reasonable precautions so as to prevent damage to the property of Continental's Insureds.

43. The acts and omissions of the Trustees constitute a breach of this duty.

44. As a foreseeable, direct and proximate result of the Trustees' breach of duty, Continental's insureds, and Continental, by virtue of its subrogated rights, have suffered and continue to suffer damages.

**WHEREFORE**, the plaintiff, The Continental Insurance Company, as Subrogee of Ronald Showalter, Michael Giombetti, and W. F. King, prays that this Honorable Court grant it the following relief:

A. That pursuant to Count One of this Complaint, this Court enter judgment on its behalf against the defendant William C. Henchy in an amount equal to any and all damages sustained by the plaintiff as a result of the defendant's negligence;

B. That pursuant to Count Two of this Complaint, this Court enter judgment on its behalf against the defendant William C. Henchy in an amount equal to any and all damages sustained by the plaintiff as a result of the defendant's conversion;

C. That pursuant to Count Three of this Complaint, this Court enter judgment on its behalf against the defendant Northside Marina at Sesuit Harbor, Inc., in an

amount equal to any and all damages sustained by the plaintiff as a result of the defendant's negligence;

D. That pursuant to Count Four of this Complaint, this Court enter judgment on its behalf against the defendant Northside Marina at Sesuit Harbor, Inc. in an amount equal to any and all damages sustained by the plaintiff as a result of the defendant's breach of bailment contract, or negligence;

E. That pursuant to Count Five of this Complaint, this Court enter judgment on its behalf against the defendants Joseph S. Buscone and Faith Buscone, as Co-Trustees of the Northside Marina Trust, in an amount equal to any and all damages sustained by the plaintiff as a result of the defendants' negligence;

F. That this Court grant the plaintiff its reasonable attorney's fees, costs, and interest; and

G. That this Court grant the plaintiff any other relief it deems meet and proper.

### JURY DEMAND

The plaintiff demands a trial by jury as to all counts, where applicable.

> The Plaintiff,
> THE CONTINENTAL CASUALTY
> COMPANY, as subrogee of Ronald Showalter,
> Michael Giombetti, and W. F. King
> By its Attorneys,
>
> *[signature]*
> Lauren Motola-Davis, BBO# 638561
> Philip M. Hirshberg, BBO # 567234
> MORRISON MAHONEY LLP
> 250 Summer Street
> Boston, MA 02210-1181
> (617) 439-7500

Dated: 27 August 2004

%JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
The Continental Casualty Company, as subrogee of Ronald Showalter, Michael Giombetti and W.F. King

(b) County of Residence of First Listed Plaintiff **Cook (Illinois)**
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
William C. Henchy and Northside Marina at Sesuit Harbor, Inc., Joseph S. Buscone and Faith Buscone, Trustees of the Northside Marina Trust

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Philip M. Hirshberg, Esquire (617) 439-7500
Morrison Mahoney LLP
250 Summer Street, Boston, MA 02210-1181

Attorneys (If Known)
Patricia A. Lang, Esquire
Bertram E. Snyder, Esquire

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

04cv11872 WGY

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle / ☒ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability / ☒ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | FEDERAL TAX SUITS | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 871 IRS —Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

This is an action in admiralty for property damage arising from a marina fire.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE O'Toole
DOCKET NUMBER 02-CV-10408

DATE 8/27/04
SIGNATURE OF ATTORNEY OF RECORD _____

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**For Northside Marina at Sesuit, Inc.;
Joseph S. Buscone, as Trustee of the
Northside Marina Trust, and Faith Buscone,
as Trustee of the Northside Marina Trust:**

Patricia A. Lang, Esquire
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA  02210-2414

**For William C. Henchy, III**

Bertram E. Snyder, Esquire
Looney & Grossman
101 Arch Street, 9th Floor
Boston, MA  02110-1112

04 CV 11872 WGY