# United States District Court

FOR THE

## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE CONTINENTAL CASUALTY COMPANY, as subrogee of RONALD SHOWALTER, MICHAEL GIOMBETTI and W.F. KING,<br>      Plaintiff,<br>v.<br><br>WILLIAM C. HENCHY, NORTHSIDE MARINA AT SESUIT HARBOR, INC., JOSEPH S. BUSCONE, as Trustee of the Northside Marina Trust, and FAITH BUSCONE, as Trustee of the Northside Marina Trust<br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>Civil Action No. 04-cv-11872-WGY |

**ANSWER, COUNTERCLAIM, CROSS-CLAIM AND JURY DEMAND
OF JOSEPH AND FAITH BUSCONE,
<u>AS CO-TRUSTEES OF NORTHSIDE MARINA TRUST</u>**

The defendants, Joseph and Faith Buscone, in their capacity as co-trustees of Northside

Marina Trust (the "Buscones") answer the Complaint of The Continental Casualty Company as

follows:

<u>**Parties**</u>

1.    The defendants are without knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 1.

2.    The defendants admit the allegations contained in paragraph 2.

3.    The defendants admit the allegations contained in paragraph 3.

1

4.    The defendants admit the allegations contained in paragraph 4.

5.    The defendants admit the allegations contained in paragraph 5.

### Jurisdiction

6.    To the extent that the allegations in paragraph 6 are statements of law and legal conclusions of the pleader, no response is required. To the extent that any response is required, the defendants deny the allegations in paragraph 6.

### Facts Common to All Counts

7.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8.    The defendants admit the allegations contained in paragraph 8.

9.    The defendants admit the allegations contained in paragraph 9.

10.    The defendants admit the allegations contained in paragraph 10.

11.    The defendants admit the allegations contained in paragraph 11.

12.    The defendants admit the allegations contained in paragraph 12 that certain vessels were destroyed, but are without knowledge or information sufficient to form a belief as to the truth of the allegations as to whether the vessels were insured through Continental or on Continental's behalf.

13.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

16.    The defendants admit the allegations contained in paragraph 16.

17.    The defendants admit the allegations contained in paragraph 17.

18.    The defendants admit the allegations contained in paragraph 18.

19.    The defendants admit the allegations contained in paragraph 19.

20.    The defendants deny the allegations contained in paragraph 20.

21.    The defendants deny the allegations contained in paragraph 21.

## Count I – Negligence v. Henchy

22.    The defendants repeat and reallege their answers to paragraphs 1-21 as if fully set out herein.

23.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23.

24.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24.

25.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25.

## Count II – Conversion v. Henchy

26.    The defendants repeat and reallege their answers to paragraphs 1-25 as if fully set out herein.

27.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28.    The defendants admit the allegations in paragraph 28.

29.    The defendants admit the allegations in paragraph 29.

30.    The defendants admit the allegations in paragraph 30.

Count III – Negligence v. Northside

31.    The defendants repeat and reallege their answers to paragraphs 1-30 as if fully set out herein.

32.    The defendants deny the allegations in paragraph 32.

33.    The defendants deny the allegations in paragraph 33.

34.    The defendants deny the allegations in paragraph 34.

Count IV – Negligent Bailment v. Northside

35.    The defendants repeat and reallege their answers to paragraphs 1-34 as if fully set out herein.

36.    The defendants deny the allegations in paragraph 36.

37.    The defendants deny the allegations in paragraph 37.

38.    The defendants deny the allegations in paragraph 38.

39.    The defendants deny the allegations in paragraph 39.

Count V– Negligence v. Trustees

40.    The defendants repeat and reallege their answers to paragraphs 1-39 as if fully set out herein.

41.    The defendants deny the allegations in paragraph 41.

42.    The defendants deny the allegations in paragraph 42.

43.    The defendants deny the allegations in paragraph 43.

44. The defendants deny the allegations in paragraph 44.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state any claims against either defendant Northside, Joseph Buscone or Faith Buscone upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

If the plaintiff sustained damages as alleged in the Complaint, they were caused by acts of third persons, namely William Henchy, which acts the defendants Northside, Joseph Buscone and Faith Buscone had no reason to anticipate and of which the defendants Joseph and Faith Buscone had no knowledge, and over whom they have no control.

### THIRD AFFIRMATIVE DEFENSE

The claims against defendants Northside, Joseph Buscone and Faith Buscone are barred by the express terms and conditions of the "Summer Dockage Agreements" which states that Northside Marina "assumes no responsibility for the safety of any vessel docked in the Marina and will not be liable for fire, theft or damage to said vessel...however arising."

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff by its conduct and actions, as well as those of its subrogees, is estopped by the doctrines of laches, waiver, and unclean hands to recover any judgment against defendants Northside, Joseph Buscone and Faith Buscone.

### FIFTH AFFIRMATIVE DEFENSE

The defendants Northside, Joseph Buscone and Faith Buscone state that if the plaintiff and its subrogees were damaged as alleged, said damages were caused or contributed by the negligence of conduct of its subrogees.

### SIXTH AFFIRMATIVE DEFENSE

5

The defendants Northside, Joseph Buscone and Faith Buscone state that that plaintiff and its subrogees have failed to mitigate their alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

Some or all of the plaintiff's claims are barred by the applicable Statute of Limitations and/or doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

As a commercial landlord, the defendants Joseph and Faith Buscone have no duty to keep the premises in a safe condition, nor any attendant liability.

## NINTH AFFIRMATIVE DEFENSE

Some or all of the plaintiff's claims fail due to a lack of subject matter jurisdiction.

WHEREFORE, the defendants Joseph and Faith Buscone, in their capacity as Co-trustees of Northside Marina Trust request that this Court a) dismiss the Complaint of the plaintiff Continental Casualty Company with prejudice; b) award costs and fees, including reasonable attorney's fees to the defendants Joseph and Faith Buscone; and, c) grant such other and further relief as the Court deems appropriate.

## CROSS-CLAIM AGAINST WILLIAM C. HENCHY FOR INDEMNIFICATION

1.      The defendants/cross-claim plaintiffs are Joseph S. Buscone and Faith Buscone, in their capacities as co-trustees of the Northside Marina Trust, who are individuals residing in Massachusetts.

2.      The defendants/cross-claim plaintiff is Northside Marina at Sesuit Harbor, Inc., a Massachusetts corporation residing in Massachusetts.

3.      The defendant/cross-claim defendant is William C. Henchy who is an individual who resides in Massachusetts.

4.      On or about August 27, 2004, the plaintiff Continental Casualty Company, as subrogee of Ronald Showalter, Michael Giombetti, and W.F. King, began this action by filing a Complaint seeking damages.  A copy of this Complaint is attached hereto as Exhibit A.

5.      The Complaint essentially alleges that William C. Henchy intentionally started a fire at the Northside Marina and that Northside Marina at Sesuit Harbor, Inc., Joseph S. Buscone and Faith Buscone were negligent in providing security and/or fire prevention systems which would have prevented the fire started by William C. Henchy.

6.      At all times relevant hereto, William C. Henchy moored his boat at Northside and was party to a "Summer Dockage Agreement" with Northside which contractually obligates him to indemnify and hold harmless Northside for all damages relating out of this incident as it provides that Henchy "will be held responsible for damage he may cause to other boats in the Marina or the structures or facilities thereof."

7.      As a result of his wrongful conduct, William C. Henchy is also obligated by common law to indemnify and hold harmless Northside, Joseph S. Buscone, and Faith Buscone for all of their damages arising out of this incident.

8.      As a result of the filing of the Complaint by the plaintiff Continental Casualty Company, the defendants/cross-claim plaintiffs will have to answer and otherwise defend against the claims asserted in the Complaint, thereby incurring attorney's fees, costs, and other incidental expenses.

9.      If Continental and its subrogees sustained the damages in the manner and under the circumstances alleged, and if it is found that Northside, Joseph S. Buscone, and Faith Buscone are liable, either in whole or part, to Continental and its subrogees, or any others, then such

7

damages will have been occasioned, in whole or part, by Henchy's wrongful conduct for whom

Northside, Joseph S. Buscone, and Faith Buscone are not responsible.

WHEREFORE, the defendants/cross-claim plaintiffs Joseph S. Buscone, Faith Buscone, and

Northside Marina at Sesuit Harbor, Inc. demand judgment against the defendant/cross-claim

defendant William C. Henchy for a)  indemnificiation of all or part of any sums that me be

judged against Joseph S. Buscone, Faith Buscone, and Northside Marina at Sesuit Harbor, Inc. in

favor of the plaintiff Continental Casualty Company, as subrogee of Ronald Showalter, Michael

Giombetti, and W.F. King; b) compensate Joseph S. Buscone, Faith Buscone, and Northside

Marina at Sesuit Harbor, Inc. for their attorney's fees, costs, and other incidental expenses as a

consequence of the filing of the action by plaintiff Continental Casualty Company; and c) award

any further relief that is just and equitable.

## COUNTERCLAIM AGAINST THE CONTINENTAL CASUALTY COMPANY AND ITS SUBROGEES RONALD SHOWALTER, MICHAEL GIOMBETTI AND W.F. KING FOR INDEMNIFICATION

1.      The defendants/plaintiffs-in-counterclaim are Joseph S. Buscone and Faith Buscone, in

their capacities as co-trustees of the Northside Marina Trust, who are individuals residing in

Massachusetts.

2.      The defendant/plaintiff-in-counterclaim is Northside Marina at Sesuit Harbor, Inc., a

Massachusetts corporation residing in Massachusetts.

3.      The plaintiff/defendant-in-counterclaim is Continental Casualty Company, as subrogee of

Ronald Showalter, Michael Giombetti, and W.F. King, is an insurance company with a principal

place of business in Chicago, Illinois. The subrogees are believed to be natural persons who

reside in Massachusetts.

8

4.      On or about August 27, 2004, the plaintiff Continental Casualty Company, as subrogee of Ronald Showalter, Michael Giombetti, and W.F. King, began this action by filing a Complaint seeking damages.  A copy of this Complaint is attached hereto as Exhibit A.

5.      The Complaint essentially alleges that William C. Henchy intentionally started a fire at the Northside Marina and that Northside Marina at Sesuit Harbor, Inc., Joseph S. Buscone and Faith Buscone were negligent in providing security and/or fire prevention systems which would have prevented the fire started by William C. Henchy.

6.      At all times relevant hereto, the subrogees of the plaintiff Continental Casualty Company, moored their boats at Northside and were party to a "Summer Dockage Agreement" with Northside which contractually obligates them to indemnify and hold harmless Northside for all damages relating out of this incident as it provides that they "will be held responsible for damage [they] may cause to other boats in the Marina or the structures or facilities thereof."

7.      As a result of their conduct, the plaintiff's subrogees are also obligated by common law to indemnify and hold harmless Northside, Joseph S. Buscone, and Faith Buscone for all of their damages arising out of this incident.

8.      As a result of the filing of the Complaint by the plaintiff Continental Casualty Company, the defendants/ plaintiffs-in-counterclaim will have to answer and otherwise defend against the claims asserted in the Complaint, thereby incurring attorney's fees, costs, and other incidental expenses.

9.      If Continental and its subrogees sustained the damages in the manner and under the circumstances alleged, and if it is found that Northside, Joseph S. Buscone, and Faith Buscone are liable, either in whole or part, to Continental and its subrogees, or any others, then such

damages will have been occasioned, in whole or part, by others, for whom Northside, Joseph S.

Buscone, and Faith Buscone are not responsible.

WHEREFORE, the defendants/ plaintiffs-in-counterlclaim Joseph S. Buscone, Faith Buscone,

and Northside Marina at Sesuit Harbor, Inc. demand judgment against the plaintiff/defendant-in-

counterclaim is Continental Casualty Company for a)  indemnificiation of all or part of any sums

that me be judged against Joseph S. Buscone, Faith Buscone, and Northside Marina at Sesuit

Harbor, Inc. in favor of the plaintiff Continental Casualty Company, as subrogee of Ronald

Showalter, Michael Giombetti, and W.F. King; b) compensate Joseph S. Buscone, Faith

Buscone, and Northside Marina at Sesuit Harbor, Inc. for their attorney's fees, costs, and other

incidental expenses as a consequence of the filing of the action by plaintiff Continental Casualty

Company; and c) award any further relief that is just and equitable.

**JOSEPH S. BUSCONE, AND FAITH BUSCONE DEMAND A TRIAL BY JURY ON ALL
CLAIMS SO TRIABLE.**

> Joseph and Faith Buscone, in their capacity
> as co-trustees of Northside Marina Trust,
> By their attorney
>
> _____
> J. Mark Dickison (BBO No.629170)
> Lawson & Weitzen, LLP
> 88 Black Falcon Avenue, Suite 345
> Boston, MA 02210
> (617) 439-4990

### CERTIFICATE OF SERVICE

I, J. Mark Dickison, hereby certify that on October 8, 2004, a true copy of the foregoing
document was electronically filed with the Court and sent by first class mail to Plaintiff's
Counsel, Lauren Motola-Davis, Morrison Mahoney, LLP, 250 Summer Street, Boston, MA
02210 and Counsel for Defendant William C. Henchy: Bertram Snyder, Looney & Grossman,
101 Arch Street, Boston, MA 02110.

> _____
> J. Mark Dickison (BBO No.629170)