UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO:

| | |
|---|---|
| THE CONTINENTAL CASUALTY COMPANY, as subrogee of RONALD SHOWALTER, MICHAEL GIOMBETTI, and W. F. KING <br>     Plaintiff, <br><br> v. <br><br> WILLIAM C. HENCHY, NORTHSIDE MARINA AT SESUIT HARBOR, INC., JOSEPH S. BUSCONE, as Trustee of the Northside Marina Trust, and FAITH BUSCONE, as Trustee of the Northside Marina Trust <br>     Defendants. | COMPLAINT AND DEMAND FOR TRIAL BY JURY <br><br> 04c.11872 WGY |

## PARTIES

1. The Plaintiff, The Continental Casualty Company, as subrogee of Ronald Showalter, Michael Giombetti, and W. F. King ("Continental"), is an insurance company duly authorized to provide insurance coverage in the Commonwealth of Massachusetts, with a principal place of business located at CNA Plaza, 333 S. Wabash Ave, Chicago, Cook County, Illinois.

2. The defendant, William C. Henchy ("Henchy"), is an individual with a last known address of 165 Cranberry Highway, Orleans, Barnstable County, Massachusetts.

3. The defendant, Northside Marina at Sesuit Harbor, Inc. ("Northside"), is a Massachusetts Corporation with a principal place of business located at 357 Sesuit Neck Road, East Dennis, Barnstable County, Massachusetts.

4. The defendant, Joseph S. Buscone, as Trustee of the Northside Marina

Trust, upon information and belief, is an individual with a last and usual residence located at 34 Schooner Road, Dennis, Barnstable County, Massachusetts, and is the co-trustee if the Northside Marina Trust, which owns real property located at 357 Sesuit Neck Road, East Dennis, Barnstable County, Massachusetts.

5.   The defendant, Faith Buscone, as Trustee of the Northside Marina Trust, upon information and belief, is an individual with a last and usual residence located at 34 Schooner Road, Dennis, Barnstable County, Massachusetts, and is the co-trustee if the Northside Marina Trust, which owns real property located at 357 Sesuit Neck Road, East Dennis, Barnstable County, Massachusetts.

## JURISDICTION

6.   This Court has jurisdiction as an admiralty and maritime tort claim based upon 28 U.S.C. § 1333 and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

## FACTS COMMON TO ALL COUNTS

7.   At all times material hereto, Continental underwrote a policies of insurance providing marine insurance for the following of its insureds and their vessels: (a) Ronald Showalter, Policy Number 1607003-01; (b) Michael Giombetti, Policy Number 1330617-01; and (c) W. F. King, Policy Number 1355900-00.

8.   On or about August 30, 2001, Northside operated and controlled a marina under the business name "Northside Marina" located in East Dennis, Massachusetts, which was used for the purposes of storing and maintaining vessels.

9.   On or about August 30, 2001, on information and belief, Joseph S. Buscone and Faith Buscone, as Co-Trustees of the Northside Marina Trust ("Trustees"),

2

were the owners of the real property upon which the Northside Marina was located and operated.

10. On or about August 30, 2001, Ronald Showalter, Michael Giombetti, and W. F. King ("Continental's Insureds") each had vessels berthed at the Northside Marina.

11. On August 30, 2001 at approximately 8:00 p.m. a fire occurred at the Northside Marina that lasted several hours and damaged several boats and dock walkways.

12. As a result of the fire, certain vessels insured through Continental on behalf of Continental's insureds were either destroyed or damaged.

13. As a result of such fire, and pursuant to the terms of its insurance contracts with its insureds, Continental made payment or will make payment to its insureds for their losses, as follows:

   (a) Ronald Showalter (claim # 0108244): CTL--$105,000; Salvage--$6,677.50; Disposal--$2,000; and Personal Property $950.

   (b) Michael Giombetti (claim # 0108243); CTL--$35,000; Salvage--$1,470.

   (c) W. F. King (claim # 0108246); Damages--$3,486.50.

Total Amount: $154,584.

14. Continental is subrogated to the rights of its insured in at least the above total amount of $154,584 paid to its insureds as set forth above, pursuant to its rights of subrogation by contract and by operation of law.

15. The fire and all ensuing claims, damages and losses were not caused by the fault of Continental's Insureds or their respective vessels.

3

16. On information and belief, the Dennis Police Department or other law enforcement entities have conducted or continue to conduct an official investigation into the cause of the fire.

17. On information and belief, such investigation has revealed that the fire was intentionally started.

18. Further, on information and belief, such investigation has focused on Henchy as a suspect in the intentional starting of the fire.

19. On information and belief, Henchy either intentionally started the fire or through his acts and omissions was negligent or grossly negligent in connection with the fire.

20. On information and belief, at the time that the fire started, Northside did not have adequate personnel supervising the docks, slips, or boats of the marina, did not have adequate security systems in place, and did not have sufficient devices in place to prevent the spread of, the occurrence of, or to assist with the extinguishment of, the fire.

21. The foregoing negligence and failure to take adequate precautions allowed the fire to start and spread.

## COUNT I

(Negligence vs. Henchy)

22. Plaintiff repeats and realleges paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23. Henchy owed Continental's Insureds a duty, among other things, to take reasonable precautions so as to prevent damage to the property of Continental's Insureds.

24. Henchy breached this duty by conducting himself in such a way as to allow or cause the fire to start and spread.

25. As a foreseeable, direct and proximate result of Henchy's breach of his duty, Continental's insureds, and Continental, by virtue of its subrogated rights, have suffered and continue to suffer damages.

## COUNT II

(Conversion vs. Henchy)

26. Plaintiff repeats and realleges paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27. Continental's Insureds, at all relevant times, were either the owners of their respective vessels or entitled to immediate possession of them.

28. On information and belief, Henchy, having no right of ownership in or to possession of such Vessels, wrongfully and intentionally started a fire on or near them while it was docked at the Northside Marina on August 30, 2001.

29. The fire destroyed or damaged such vessels.

30. Henchy's intentional destruction or alteration of such Vessels constitutes a wrongful exercise of dominion and control by Henchy which seriously impaired the rights of Continental's Insureds to sole ownership and/or immediate possession of their vessels, and therefore constitutes conversion.

## COUNT III

(Negligence vs. Northside)

31. Plaintiff repeats and realleges paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32. Northside owed Continental's Insureds a duty, among other things, to take reasonable precautions so as to prevent damage to the property of Continental's Insureds.

33. In the course of owning, operating, and/or managing the Northside Marina, Northside breached this duty.

34. As a foreseeable, direct and proximate result of Northside's breach of duty, Continental's insureds, and Continental, by virtue of its subrogated rights, have suffered and continue to suffer damages.

## COUNT IV

(Breach of and/or Negligent Bailment vs. Northside)

35. Plaintiff repeats and realleges paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36. A bailment was created when Continental's Insureds delivered and entrusted their vessels to Northside and Northside accepted possession of the vessels.

37. In connection with the bailment, Northside owed Continental's Insureds a duty of due care to prevent the loss or destruction of their vessels.

38. Northside failed to perform or negligently performed its bailment obligations.

39. As a direct and proximate result of Northside's breach of bailment or negligent bailment, Continental's insureds, and Continental, by virtue of its subrogated rights, have suffered and continue to suffer damages.

## COUNT V

(Negligence vs. Joseph S. Buscone and Faith Buscone, as Co-Trustees of the Northside Marina Trust)

40. Plaintiff repeats and realleges paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41.    Joseph S. Buscone and Faith Buscone, as Co-Trustees of the Northside Marina Trust, were obligated by contract, law, or otherwise, amount other things, to ensure that Northside was not using the Trust's property in a negligent or otherwise unlawful manner.

42.    The Trustees owed Continental's Insureds a duty, among other things, to take reasonable precautions so as to prevent damage to the property of Continental's Insureds.

43.    The acts and omissions of the Trustees constitute a breach of this duty.

44.    As a foreseeable, direct and proximate result of the Trustees' breach of duty, Continental's insureds, and Continental, by virtue of its subrogated rights, have suffered and continue to suffer damages.

**WHEREFORE**, the plaintiff, The Continental Insurance Company, as Subrogee of Ronald Showalter, Michael Giombetti, and W. F. King, prays that this Honorable Court grant it the following relief:

A.    That pursuant to Count One of this Complaint, this Court enter judgment on its behalf against the defendant William C. Henchy in an amount equal to any and all damages sustained by the plaintiff as a result of the defendant's negligence;

B.    That pursuant to Count Two of this Complaint, this Court enter judgment on its behalf against the defendant William C. Henchy in an amount equal to any and all damages sustained by the plaintiff as a result of the defendant's conversion;

C.    That pursuant to Count Three of this Complaint, this Court enter judgment on its behalf against the defendant Northside Marina at Sesuit Harbor, Inc., in an